## 13908

## TWIN CITY MOTOR CO. v. FALLAW

(175 S. E., 809)

*Messrs. McKendree Barr* and *George Bell Timmerman,* for appellant,

*Messrs. B. W. Crouch* and *Jeff D. Griffith,* for respondent.

September 19, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This case, commenced in the Court of Common Pleas for Saluda County June, 1933, by the plaintiff, Twin City

Motor Company, a corporation, against the defendant, Mrs. Etta Fallaw, comes before this Court on appeal from an order of his Honor, Judge C. J. Ramage, vacating an attachment, issued by the Clerk of Court of said county, attaching a certain Chevrolet sedan automobile sold by the plaintiff to the defendant. In the complaint the plaintiff alleged that the defendant was due the plaintiff, as a balance due on said automobile, the sum of $136.93. The attachment was issued at the time of the commencement of the action at the instance of the plaintiff under Section 546, Code of 1932. The pertinent portion of said section reads as follows: "In an action arising for the recovery of the purchase money, which is past due, for any real or personal property, it shall be lawful for the plaintiff, at the time of the issuing of the summons, or any time afterwards, to cause the property of such defendant for which the purchase money is payable to be attached in the manner hereinafter prescribed as a security for the satisfaction of such judgment as the plaintiff may recover, and for the purposes of this section an action shall be deemed commenced when the summons is issued."

The defendant's motion to set aside the attachment was made upon the ground that the same was improvidently issued, for the reasons: "(a) That appellant's demand is not for purchase money, and (b) that plaintiff's cause of action is based on an independent contract, not for any part of the purchase money."

All of appellant's exceptions are, in effect, subservient to the general allegation that the trial Judge erred in issuing an order vacating the attachment; and we shall consider the exceptions jointly.

As seen from the above-quoted portion of Section 546 of the Code, the right to attach the property in question depends upon whether or not the action is for the recovery of the purchase money of the said Chevrolet automobile so attached.

The alleged right of attaching the Chevrolet automobile in question is based by plaintiff, briefly stated, as set forth in the complaint, upon the following alleged facts:

April 7, 1933, the defendant, Mrs. Etta Fallaw, entered into and executed a trade with the plaintiff for a new Chevrolet sedan automobile for a total time price of $789.00, payable $315.00 on or before delivery, leaving a deferred balance of $474, payable at the offices of General Motors Acceptance Corporation; that the said $315.00 was represented by a trade-in allowance for said amount on a Ford V-8 sport tudor sedan automobile, which had been in a collision with another automobile in the City of Columbia, S. C., on the night of April 2, 1933; that in said conditional sales contract for the new Chevrolet the said allowance, $315.00, was to be allowed for said Ford automobile, but the same was to be turned over and delivered to plaintiff simultaneously with said delivery of the new automobile. The plaintiff, however, further alleges "that the said Mrs. Etta Fallaw entered into and executed the following written agreement and guarantee to save the plaintiff harmless for any damages, expenses and costs to arise or that might arise by reason of the aforesaid collision, to wit:

"* * * In consideration that I have this day conveyed and delivered to Twin City Motor Company, a Corporation of South Carolina, with its principal place of business at Batesburg, S. C., one Ford V-8 Sport Tudor Sedan. Automobile, I do hereby bind myself and my heirs and assigns, to defend any suit or suits, pay all costs, damages and attorney's fees, arising out of a collision between the said automobile and another automobile, said collision occurring in City of Columbia, Gervais Street, Richland County, S. C., in the night of April 2, 1933. This agreement and guarantee is made to save harmless the said Twin City Motor Company from any loss or expense as aforesaid, in the event that the said Ford V-8 Sport Tudor Sedan Automobile shall

be attached for damages arising out of the collision aforesaid in any of the Courts of this State."

The plaintiff further alleged that the said Ford automobile was attached, and was, with the consent of the defendant, subsequently sold at public auction for the sum of $141.00, which the plaintiff, at the suggestion and request of the defendant and her attorneys, paid, that the said amount was paid by plaintiff for the account of defendant "as per the above written agreement," and that the defendant in said matter caused plaintiff loss of time to the value of $25.00. Plaintiff alleged that the defendant was due the plaintiff, in the said transaction, the sum of $166.00, less the sum of $29.07 "received by the plaintiff from the General Motors Acceptance Corporation, as a refund, when the defendant, Mrs. Etta Fallaw, paid up before due the deferrred balance due on said contract," making the total amount asked for under said complaint $136.93, with interest, having added to the $141.00 the sum of $25.00 for expense in looking after the transaction and having deducted the sum of $29.07 which was received by the plaintiff from the General Motors Acceptance Corporation as a refund when the defendant paid up before due the deferred balance on said contract.

In support of the said warrant of attachment procured from the clerk of said Court, the plaintiff filed an affidavit which, in effect, was a verification of the allegations of the complaint, and in addition stated that the action was brought for the purchase money of personal property which had been sold to the defendant and for which she had refused and failed to pay. It also appears from the record that the conditional sales contract, printed in the transcript of record, was before the Circuit Judge when said matter was heard.

According to the allegations set out in plaintiff's complaint, it may be that the plaintiff, under the said agreement on the part of the defendant to pay to the plaintiff any

amount sustained on account of the attachment of the said Ford automobile, is entitled to recover judgment against the defendant for the sum of the alleged loss on account of the attachment of said Ford automobile, though that question is not before us, and for that reason we express no opinion as to the same, but under no view of the case will an attachment lie against the Chevrolet automobile in question under the said section of the Code, above quoted, for it is clear, under the pleadings and other papers involved, that plaintiff's demand is not for the purchase money of the Chevrolet in question, but the cause of plaintiff's action is based on an independent contract, the contract under which the defendant agreed to defend any suit and pay all costs, damages, etc., arising out of a collision between the said Ford automobile and another automobile in the City of Columbia, April 2, 1934. According to plaintiff's allegations, as set forth in the complaint, the amount involved under the conditional sales contract was paid by the defendant before the same was due.

We therefore think that the warrant of attachment was improvidently issued and that the Circuit Judge committed no error in dissolving the same.

MR. CHIEF JUSTICE BLEASE, MESSRS. JUSTICES STABLER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.